Mr. James D. Palermo Tampa City Attorney 315 East Kennedy Boulevard Fifth Floor Tampa, Florida 33602
Dear Mr. Palermo:
You ask substantially the following question:
Which value should be used in determining the tax increment authorized in section 163.387(1), Florida Statutes: 1) the assessed value of real property within a community redevelopment area as certified by the property appraiser under section 200.065, Florida Statutes, or 2) the assessed value of such property as revised by actions of the value adjustment board or other occurrences?
In sum:
The assessed value of real property within a community redevelopment area as revised by actions of the value adjustment board or other occurrences should be used in determining the tax increment authorized in section 163.387(1), Florida Statutes.
Part III, Chapter 163, Florida Statutes, the Community Redevelopment Act of 1969, was enacted to enable counties and municipalities to eliminate and prevent the development and spread of slums and urban blight areas and to encourage community redevelopment.[1] Upon a finding of necessity as set forth in section 163.355, Florida Statutes, and a further finding of a need for such an agency, the local government is authorized to create a public body corporate and politic to be known as a "community redevelopment agency."[2]
Section 163.387, Florida Statutes, requires the establishment of a redevelopment trust fund for each community redevelopment agency created. The trust fund is to be funded annually in an amount not less than that increment in the income, proceeds, revenues, and funds of each taxing authority derived from or held in connection with the carrying out of community redevelopment. Section163.387(1), Florida Statutes, provides that the increment shall be that amount equal to 95 percent of the difference between
(a) The amount of ad valorem taxes levied each year by each taxing authority, exclusive of any amount from any debt service millage, on taxable real property contained within the geographic boundaries of a community redevelopment area; and (b) The amount of ad valorem taxes which would have been produced by the rate upon which the tax is levied each year by or for each taxing authority, exclusive of any debt service millage, upon the total of the assessed value of the taxable real property in the community redevelopment area as shown upon the most recent assessment roll used in connection with the taxation of such property by each taxing authority prior to the effective date of the ordinance providing for the funding of the trust fund. (e.s.)
By January 1 of each year, each taxing authority must appropriate its share of incremental tax revenues "for so long as any indebtedness pledging increment revenues to the payment thereof is outstanding (but not to exceed 30 years). . . ."[3] You state that since changes in the assessment roll may occur after January 1 due to actions by the value adjustment board or other occurrences, the Legislature could not have intended such changes to be considered in computing the taxing authority's share of incremental tax revenues.
Section 193.023(1), Florida Statutes, requires the property appraiser to complete his or her assessment of the value of all property no later than July 1 of each year, although the Department of Revenue may for good cause shown extend the time for completing the assessment. This is generally referred to as the completion of the preliminary rolls and recapitulation tables, which are used for tax roll approval purposes and by the various budget entities for budget purposes.
The property appraiser certifies to each taxing authority, as determined on the preliminary assessment rolls, the taxable value within the jurisdiction of the taxing authority.[4] Section200.065(2), Florida Statutes, provides that the taxing authorities utilize at least 95 percent of this certified taxable value in preparing their tentative budgets. It is this determination of value that you state should be used for purposes of section163.387(1), Florida Statutes.
Such determination of value, however, may be subsequently altered. Within 35 days of the certification, each taxing authority shall advise the property appraiser of its proposed millage rate, its rolled-back rate, and the date, time, and place at which a public hearing will be held to consider the proposed millage rate and the tentative budget.[5] This information is used by the property appraiser in preparing the notice of proposed property taxes required by section 200.069, Florida Statutes.
Each taxpayer whose property is subject to real or tangible personal ad valorem taxes is required to be notified of the assessment of each taxable item of such property.[6] A taxpayer objecting to the assessment may request an informal conference with the property appraiser or may, at any time on or before the 25th day following the mailing of the above notice of assessment, petition the value adjustment board.
The value adjustment board meets not earlier than 30 days and not later than 45 days after the mailing of notice.[7] Decisions are to be issued within 20 calendar days of the last day the board is in session.[8] The board is required to certify each assessment roll after all hearings of complaints related to assessments and exemptions have been held.[9]
After the tax rolls' certification by the board, section193.122(2), Florida Statutes, provides that the property appraiser make all required extensions upon the rolls to show the tax attributable to all taxable property and, upon completing these extensions, and being satisfied that the property is properly taxed, certify the tax rolls and publish notice thereof. An action to contest an assessment must be brought within 60 days from the date the assessment being contested is certified for collection pursuant to section 193.122(2), or the date a decision is rendered by the value adjustment board if a petition contesting the assessment has not received final action by the value adjustment board prior to extension of the roll under section 197.323.[10]
Section 163.387(1), Florida Statutes, provides that in determining the tax increment the amount of ad valorem taxes "levied" each year by each taxing authority is to be used. The statute does not refer to the amount of taxes proposed to be levied but rather to the amount levied. This office has previously considered the term "levy" to mean the actual imposition of the tax.[11] The assessment certified by the property appraiser in section200.065(1), Florida Statutes, is used by the taxing authority in preparing a tentative budget. That budget may change during the course of public hearings and such assessments may be subsequently altered by informal conference with the property appraiser's office, through action of the just valuation board or other occurrences.
Accordingly, I am of the opinion that the amount of ad valorem taxes levied each year by each taxing authority on taxable real property within the community redevelopment area used in section163.387(1), Florida Statutes, to determine the tax increment refers to the amount of taxes actually imposed and, therefore, would reflect any revisions in the assessed value of property made by the value adjustment board or other occurrences.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 163.335, Fla. Stat. (1995).
[2] Section 163.356, Fla. Stat. (1995).
[3] Section 163.387(2)(a), Fla. Stat. (1995).
[4] Section 200.065(1), Fla. Stat. (1995).
[5] Section 200.065(2)(b), Fla. Stat. (1995).
[6] Section 194.011(1), Fla. Stat. (1995).
[7] Section 194.032(1), Fla. Stat. (1995). In addition to hearing petitions relating to assessments, the board also hears complaints relating to homestead exemptions, appeals from exemptions denied or granted, and appeals concerning ad valorem tax deferrals and classifications. No board hearing, however, shall be held until approval of the assessment rolls by the Department of Revenue except as provided in s. 194.032(1)(b), and no hearing may be held regarding valuation until completion of the hearings required under s. 200.065(2)(c).
[8] Section 194.034(2), Fla. Stat. (1995).
[9] Section 193.122(1), Fla. Stat. (1995).
[10] Section 194.171(2), Fla. Stat. (1995).
[11] See, Op. Att'y Gen. Fla. 73-289 (1973).